ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

John Hyde

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

The City of New York,
P.O. Rivera 73 Precinct NYPD
P.O. John Doe #1 is P.O. Rivera's partner
EMS John Doe #2 Responded to 73 Precinct
@ approximately 04:30AM on 12/23/2013

_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
SEP - 2 2015
PRO SE OFFICE

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

CV 15 - 3640

Jury Trial: ☑ Yes ☐ No
(check one)

ROSS, J.

MANN. M.J.

1.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name  John Hyde
             ID # B/C: 141-13-15381    . NYSID: 07097514M
             Current Institution  OBCC Rikers Island
             Address  1600 Hazen Street
                      East Elmhurst, NY 11370

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name  The City of New York            Shield # _____
                   Where Currently Employed _____
                   Address _____

*Rev. 05/2010*                              1

Defendant No. 2     Name **P.O. Rivera, NYPD**                    Shield # **?**
                    Where Currently Employed **73 Pct. NYPD**
                    Address **1470 East New York Avenue**
                    **Brooklyn, NY**

                                            **(P.O. Rivera's Partner)**
Defendant No. 3     Name **P.O. John Doe #1 is**                  Shield # **?**
                    Where Currently Employed **73 Pct.**
                    Address **1470 East New York Avenue**
                    **Brooklyn, NY**

Defendant No. 4     Name **EMS John Doe #2**                      Shield # **?**
                    Where Currently Employed **Not Known**
                    Address **Not Known**

Defendant No. 5     Name _____                     Shield #_____
                    Where Currently Employed _____
                    Address _____

## II.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?
     **NYPD 73 Pct. 1470 East New York Avenue**
     **Brooklyn, NY**

B.   Where in the institution did the events giving rise to your claim(s) occur?
     **In the 73rd Pct. at large, in the holding pen and**
     **outside 73rd Pct. in EMS truck.**

C.   What date and approximate time did the events giving rise to your claim(s) occur?
     **December 23, 2013 @ 01:05 AM**

## JURISDICTION AND VENUE

1.   This is an action at law to redress assault and battery, causing grievous bodily harm, cruel and unusual punishment resulting from deliberate indifference to serious medical needs, obstruction of justice, excessive force in violation of the Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the US Constitution and 42 U.S.C. Section 1983. This is also an action to redress the pain and suffering and psychological injuries sustained by the Plaintiff as a result of the intentional, malicious and reckless acts of the City of New York through some of its Police Officers and Emergency Medical Services employees. The Court has supplemental jurisdiction over Plaintiff's state common law claims.

2.   Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C Section 1331, this action arising under the Constitution and Federal Law, and by 28 U.S.C. Section 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, Sixth, and Eighth, and Fourteenth Amendments to the US Constitution and 42 U.S.C. Section 1983.

3.   Venue is proper in the Eastern District of New York because events complained of occurred in the County of Kings, which is within the Eastern District of New York.

STATEMENT OF FACTS                    ATTACHMENT B

4. Plaintiff was arrested on the corner of Ralph Avenue and Bergen
   Street Brooklyn, NY at approximately 01:05AM on 12/23/2013 by
   NYPD Officer Rivera and NYPD Officer John Doe #1.

5. At the time and place of said arrest there was an EMS ambulance
   truck on the scene responding in tandem with the NYPD.

6. At the time and place of said arrest Plaintiff informed Officer
   Rivera and his partner that he was in need of medical attention and
   proceeded to display his injuries to the Officers.

7. Plaintiff presented with serious injuries to hand and fingers con-
   sisting of deep laceration(s) on his finger/hand due to bite wounds.
   Plaintiff additionally displayed bite wound(s) on his torso and
   clearly visible contusions to the torso, arms, and head.

8. Plaintiff was denied access to emergency medical care for his serious
   medical needs, despite his desperate pleas to the officers to be
   seen and or treated by the EMS on scene.

9. Officer Rivera and his partner P.O. John Doe #1 acted with deliberate
   indifference toward Plaintiff's serious medical needs by prohibiting
   Plaintiff from receiving medical attention that was ready and avail-
   able.

10. Officer Rivera and his partner P.O. John Doe #1 subsequently trans-
    fered Plaintiff to the 73 precinct whereupon they placed him in a
    holding cell.

11. Plaintiff was held in the holding cell for three hours and was sub-
    jected to threats against his bodily person made by P.O. Rivera and
    P.O. John Doe #1 in retaliation for plaintiff's continued pleas for
    medical attention.

12. P.O. Rivera and P.O. John Doe #1 further subjected Plaintiff to in-
    sults, mocked him and humiliated him by calling plaintiff a, "No
    good, faggot-ass nigga".

13. P.O. Rivera and P.O. John Doe #1 continued acting with deliberate
    indifference to Plaintiffs serious medical needs by failing to trans-
    port Plaintiff to a hospital or calling an ambulance.

14. Plaintiff was forced to endure said abusive treatment in the hold-
    ing pen of the 73 precinct for three hours until an ambulance was
    called and arrived at approximately 04:30AM on 12/23/2013.

15. Plaintiff was escorted from the 73 precinct house to the EMS truck
    by P.O. Rivera, P.O. John Doe #1 and EMS John Doe #2. Plaintiff was
    placed in the ambulance truck and strapped into a seat with his
    hands cuffed behind his back.

16. P.O. John Doe #1 then stepped into the EMS vehicle and said to
    Plaintiff these approximate words, " So you wanna go to the hospital?
    I'll give ya reason to go to the hospital!". P.O. John Doe #1 began
    to punch with closed fists Plaintiff in the head, about the shoulders
    and torso.

17. Plaintiff, in attempt to defend himself from this assault and battery while strapped down with his arms bound behind his back, lifted his knees up as his only alternative to protect himself. At that point P.O. John Doe #1 grabbed Plaintiff's      foot and twisted it with great force causing severe pain and thus causing a severe sprain to Plaintiff's ankle and a strain to the Plaintiff's knee joint.

18. While P.O. John Doe was committing assault and battery against the Plaintiff P.O. Rivera failed to intervene on the plaintiff's behalf as required by law and further encouraged P.O. John Doe with these approximate words, "Yeah!! Fuck 'im up!! Break 'is fuckin' leg!!".

19. EMS John Doe #2 was present and witness to the criminal actions of P.O. Rivera and P.O. John Doe #1 failed to intervene on behalf of the plaintiff in violation EMS John Doe #2's duty of care, oath of office and his lawful duty to intervene.

20. With regard to Plaintiffs arrest Plaintiff at the time of arrest was denied his right to file a criminal (cross-complaint) against the complaining witness against Plaintiff regarding his arrest.

21. P.O. Rivera and P.O. John Doe #1 failed to act in an impartial manner towards the Plaintiff regarding the criminal complaint that lead to his arrest.

22. The failure of P.O. Rivera and P.O. John Doe to take Plaintiff's cross complaint was in dereliction of their duty and prejudiced the ensuing case against the Plaintiff. This failure to take the Plaintiff's criminal complaint against the complaining witness is falsification of the facts by omission, obstruction of justice and deprived the Plaintiff his rights of due process and equal protection under the law.

## FIRST CAUSE OF ACTION

23. Plaintiff repeats and realleges paragraphs 1 through 22 as if each paragraph is repeated verbatim herein.

24. Defendants subjected Plaintiff to cruel and unusual punishment when in acting with deliberate indifference to plaintiff's serious medical needs deprived Plaintiff from receiving emergency medical treatment that was ready and available on scene in the form of an EMS ambulance truck and attending paramedics.

25. Defendants further subjected Plaintiff to cruel and unusual punisment when acting with deliberate indifference to the Plaintiff's serious medical needs, Defendants failed to transport Plaintiff to a hospital or any other medical treatment facility.

26. Defendants further subjected Plaintiff to cruel and unusual punishment when acting with deliberate indifference to Plaintiff's serious medical needs, Defendants held Plaintiff in a holding cell for an extended period of time before allowing Plaintiff medical treatment.

27. Plaintiff was subjected to cruel and unusual punishment by the Defendants in violation of his Eighth Amendment rights not to be subjected to cruel and unusual punishment and Defendants are liable to Plaintiff damages pursuant to 42 U.S.C. Section 1983.

## SECOND CAUSE OF ACTION

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if each paragraph is repeated vebatim herein.

29. Plaintiff was subjected to cruel and unusual punishment by the Defendants in violation of his common law right not to be subjected to cruel and unusual punishment.

## THIRD CAUSE OF ACTION

30. Plaintiff repeats and realleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31. Defendants committed obstruction of justice when they refused to hear, record and file Plaintiff's cross complaint against him at the time of his arrest in violation of Plaintiff's rights of due process, equal protection and the right to a fair hearing under the Constitution therefore Defendants are liable to Plaintiff damages pursuant to 42 U.S.C. Section 1983.

## FOURTH CAUSE OF ACTION

32. Plaintiff repeats and realleges paragraphs 1 through 31 as if each paragraph is repeated verbatim herein.

33. Defendants committed obstruction of justice when they refused to hear, record, and file Plaintiff's cross complaint against the complaining witness against him at the time of his arrest in violation of Plaintiff's common law rights to due process, equal protection and the right to a fair hearing.

## FIFTH CAUSE OF ACTION

34. Plaintiff repeats and realleges paragraphs 1 through 33 as if each paragraph is repeated verbatim herein.

35. Defendants subjected Plaintiff to excessive force by punching Plaintiff in the head and about his shoulders and torso while Plaintiff was hand cuffed behind his back and strapped into a seat in the EMS ambulance truck.

36. Defendants subjected Plaintiff to excessive force by grabbing his foot and twisting so severely as to cause a sprain to the ankle and strain to the knee all while Plaintiff was hand cuffed behind his back and strapped into a seat in the EMS ambulance truck.

37. Thus, Defendants subjected Plaintiff to excessive force in violation of his Fourth Amendment right not to be subjected to unreasonable searches and seizures.

## SIXTH CAUSE OF ACTION

38. Plaintiff repeats and realleges paragraphs 1 through 37 as if each paragraph is repeated verbatim herein.

39. Defendants subjected Plaintiff to battery and assault for no legally justifiable reasons by punching him with closed fists and twisting and contorting his foot such that Plaintiff received injuries to his bodily person including blunt force trauma to the head, contusions to the head, shoulders and torso and a severe sprain to Plaintiffs ankle and a straining og the knee joint.

40. Thus, Defendants subjected Plaintiff to assault and battery in violation of his common law rights not to be subjected to assault and battery.

## SEVENTH CAUSE OF ACTION

41. Plaintif repeats and realleges paragraphs 1 through 40 as if each paragraph is repeated verbatim herein.

42. Defendants had an affirmative duty to intervene on behalf of the Plaintiff whose Constitutional Rights were being violated in their presence by other officers. The Defendants failed to intervene to prevent the unlawful conduct described herein thus Defendants are liable to Plaintiff damages pursuant to 42 Section 1983.

## EIGHTH CAUSE OF ACTION

43. Plaintiff repeats and realleges paragraphs 1 through 42 as if each paragraph is repeated verbatim herein.

44. The aforementioned conduct of Defendants was extreme and outrageous, and exceeded all reasonable bounds of decency. The aforementioned conduct was committed by Defendants while acting within the scope of their employment by Defendant CITY OF NEW YORK and was committed by Defendants while acting in the furtherance of of their employment by Defendant CITY OF NEW YORK.

45. The aforementioned conduct was intentional and for the sole pur-
pose of causing severe emotional distress and as a result of the
aforementioned behavior by the Defendants the Plaintiff suffered
emotional distress, physical injury and mental injury, together
with embarrassment, humiliation, shock,and fright in violation of
Plaintiff's right to be free from intentional infliction of emotional
distress under the common law of the State of New York.

## NINETH CAUSE OF ACTION

46. Plaintiff repeats and realleges paragraphs 1 through 45 as if each
paragraph is repeated verbatim herein.

47. Upon information and belief, Defendant CITY OF NEW YORK failed to
use reasonable care in screening, hiring and retention of the afore-
said Defendants who conducted and participated in the aforementioned
wrongful conduct against the Plaintiff.

48. Defendant CITY OF NEW YORK knew, or should have known in the exercise
of reasonable care, the propensities of the individual Defendants
to engage in the wrongful conduct heretofore alleged in this compt
plaint thus Defendants are liable to Plaintiff damages for negli-
gent screening, hiring, and retention under the laws of New State.

## TENTH CAUSE OF ACTION

49. Plaintiff repeats and realleges paragraphs 1 through 48 as if
each paragraph is repeated verbatim herein.

50. Upon information and belief the Defendant CITY OF NEW YORK failed
to use reasonable care in the training and supervision of the
Defendants who conducted and participated in the wrongful acts
aforementioned against the Plaintiff thus Defendant CITY OF NEW
YORK is liable to plaintiff damages for negligent training and
supervision under the laws of New York State.

## ELEVENTH CAUSE OF ACTION

51. Plaintiff repeats and realleges paragraphs 1 through 50 as if each
paragraph is repeated verbatim herein.

52. Plaintiff's aforementioned injuries were caused by the carelessness
recklessness and negligence of the Defendant CITY OF NEW YORK and
its employees and agents who were on duty and acting in the scope
of their employment when they engaged in the wrongful conduct des-
cribed herein, thus Defendants are liable to Plaintiff damages for
negligence under the laws of the State of New York.

## TWELFTH CAUSE OF ACTION

53. Plaintiff repeats and realleges paragraphs 1 through 52 as if each
paragraph is repeated verbatim herein.

55. Defendant CITY OF NEW YORK is vicariously liable for the acts of
its employees and agents who were on duty and acting in their scope
of their employment when they engaged in the wrongful conduct as
described herein. Thus the defendant CITY OF NEW YORK is liable

to Plaintiff for damages under Respondeat Superior under the laws of the State of New York.

WHEREFORE, Plaintiff prays for judgement awarding him:

1. As against the individual Defendants for violation of his Federal Constitutional Rights, jointly and severally:

i. generally and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress, against all Defendants, jointly and severally;

ii. lost earning and lost opportunities to earn income, in an amount to be proved at trial and in accordance with proof;

iii. punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct - against the individual Defendants, jointly and severally;

iv. attorney's fees and the costs and disbursements of this action - against all Defendants, jointly and severally; and

v. such other relief as the Court deems just and proper.

2. As against the individual Defendants and the City of New York for violation of Plaintiff's common law rights:

i. general and compensatory damages in an amount that would adequately compenste Plaintiff for the violation of his rights and for his emotional, mental, and physical distress, against all Defendants, jointly and severally;

ii. lost earning and lost opportunities to earn income, in an amount to be proved at trial and in accordance with proof, against all Defendants jointly and severally;

iii. punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct - against the individual Defendants, Jointly and severally;

iv. the costs and disbursements of this action - against all Defendants, jointly and severally; and

v. such other relief as the Court deems just and proper.

D.     Facts:  SEE ATTACHMENTS B AND C

What
happened
to you?

Who did
what?

Was
anyone
else
involved?

Who else
saw what
happened?

III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if
any, you required and received. SEE ATTACHMENTS B THROUGH G

IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought
with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner
confined in any jail, prison, or other correctional facility until such administrative remedies as are available are
exhausted."  Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes X     No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).     NYPD 73 Pct. and Patrol care enroute.
1470 East New York Avenue Brooklyn, NY

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____    No ✓    Do Not Know ____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____    No ✓    Do Not Know ____

If YES, which claim(s)? _____

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____    No ✓

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____    No ✓

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.  Which claim(s) in this complaint did you grieve? _____
_____

2.  What was the result, if any? _____
_____

3.  What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. _____
_____
_____
_____

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here: _____
Complaint arose in the street and the 73 Precinct
where there are no grievance procedures.
_____
_____

2.  If you did not file a grievance but informed any officials of your claim, state who you informed,

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.    Parties to the previous lawsuit:

   Plaintiff _____

   Defendants _____

   2.    Court (if federal court, name the district; if state court, name the county) _____
         _____

   3.    Docket or Index number _____

   4.    Name of Judge assigned to your case _____

   5.    Approximate date of filing lawsuit _____

   6.    Is the case still pending? Yes ____ No ____
         If NO, give the approximate date of disposition _____

   7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in   your   favor?   Was   the   case   appealed?)   _____
         _____
         _____

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
      Yes ____   No ✓

On
other
claims

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.    Parties to the previous lawsuit:

   Plaintiff _____

   Defendants _____

   2.    Court (if federal court, name the district; if state court, name the county) _____
         _____

   3.    Docket or Index number _____

   4.    Name of Judge assigned to your case _____

   5.    Approximate date of filing lawsuit _____

   6.    Is the case still pending? Yes ____ No ____
         If NO, give the approximate date of disposition _____

   7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
         _____

when and how, and their response, if any:_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative
      remedies.   Complaint arose in the street and the 73 precinct where
      there are no grievance procedures._____

_____

_____

_____

_____

_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your
       administrative remedies.

V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you
are seeking and the basis for such amount).  SEE ATTACHMENT G_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

VI.   Previous lawsuits:

┌──────┐
│ On   │    A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
│these │          action?
│claims│
└──────┘          Yes ____  No ✓

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 13 day of January____, 2015

Signature of Plaintiff  x _____

Inmate Number  b/c: 141-13-15381 NYSID: 07097514M

Institution Address   OBCC 3-Lower

1600 Hazen Street

East Elmhurst, NY 11370.

_____

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their
inmate numbers and addresses.

I declare under penalty of perjury that on this 13__ day of January____, 2015 I am delivering this
complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the
Southern District of New York.

Signature of Plaintiff: _____

Submitted
9/2/15 (7m)



RECEIVED

SEP = 2 2015

PRO SE OFFICE

John Hyde

c/o Thomas Miles

85-36 150ᵗʰ Street

Queens, NY 11435

September 03, 2015

02 (7u)

Honorable Judge

U.S. District Court for the Eastern District of New York

225 Cadman Plaza East

Brooklyn, NY 11201


Your Honor,


   Attached is a complaint signed and dated January 13, 2015. I have submitted this complaint from Rikers Island via U.S. mail twice already since the above date yet on information and belief my complaint never arrived at the Court. Rikers Island has a well-deserved reputation of corruption and malfeasance and it is my earnest belief that Officers of the Department of Corrections willfully failed to delivery my mail due to its nature.

   I am begging the Court's indulgence to accept my complaint in light of the circumstances I have described herein. As I am reluctant to attempt a third submission via the Rikers Island mail room, I have handed, personally, my complaint to my Cousin at visitation who has in turn passed it on to a friend that lives nearby the Court House, in order that my friend may hand-deliver my complaint to the Pro Se Clerk.

   I pray your understanding and beg your indulgence, again, and ask you please to accept my Complaint attached herein.


                                            Respectfully Submitted,


                                            John Hyde, Pro Se Litigant